IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES C. LEE, ) | |
| ) | Civil Action No. 09 - 894 |
| Plaintiff, ) | |
| ) | District Judge David S. Cercone |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| CORRECTIONAL OFFICER CUMMINGS; ) | |
| STATE CORRECTIONAL INSTITUTION ) | |
| AT FAYETTE, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that this action be dismissed for failure to prosecute.

**II.    REPORT**

On July 8, 2009, Plaintiff in this case filed a civil rights action based upon the conditions of his confinement in the State Correctional Institution at Fayette, Pennsylvania. On September 22, 2009, Plaintiff moved to file an amended complaint (doc. no. 10) and filed Affidavits and Exhibits in support (doc. no. 11) . The Court granted Plaintiff's Motion on November 4, 2009 and ordered him to file his amended complaint no later than November 25, 2009 (doc. no. 16). When Plaintiff failed to comply with this Order, on January 20, 2010, this Court issued an Order (doc. no. 17) directing Plaintiff to file his amended complaint by February 10, 2010. The Order further informed Plaintiff that his failure to respond by February 10, 2010, would result in a recommendation for dismissal of this case. To date, Plaintiff has failed to respond to this order.

A district court has the inherent power to dismiss a complaint under Rule 41(b) for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir.

1990).  "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct.  Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court set forth six factors to be weighed in considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper.

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id., at 868.  These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).  Consideration of the factors listed above follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter pro se.  There is no indication that he failed to receive the orders set forth above.  The responsibility for his failure to respond to the orders in question is Plaintiff's alone.

(2) Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories.  In this case, Defendants have not yet been required to respond to the complaint and, accordingly, have not suffered specific prejudice other than that caused by general delay.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward and has ignored this Court's Orders of November 4, 2009 and January 20, 2010.  This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect", Poulis, *supra*.  The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding pro se and in forma pauperis. Thus, any sanction imposing costs or fees upon Plaintiff would be ineffective as a sanction.

(6) Meritoriousness of Plaintiff's case.

Plaintiff's Complaint fails to provide a sufficient basis for liability against Defendants under 42 U.S.C. § 1983.  Thus, this factor weighs in favor of dismissal.

Five of the six Poulis factors weigh heavily in favor of dismissal.  Accordingly, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute it.

**III.**     **CONCLUSION**

Based on the discussion above, it is respectfully recommended that this action be dismissed for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have ten (10) days from the

date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                                               <u>/s/ Lisa Pupo Lenihan</u>  
                                                               Lisa Pupo Lenihan  
                                                               United States Magistrate Judge

Dated:  February 17, 2010

cc:     James C. Lee  
        809 Woodward Avenue  
        McKees Rocks, PA 15136